(No. 77-CC-2007 —

HAROLD BENDICSEN, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Order filed September 7, 1978.*

HOLDERMAN J.

This matter comes before the Court on a claim filed by Claimant and motion of Respondent for judgment on the pleadings.

Claimant was a superintendent of Herrick House Children's Center at the time of the incident that caused the damages of which Claimant complains.

Claimant alleges that his car was parked on the grounds of the institution, that it had been locked, that it was damaged and vandalized, and that said car had an inside hood release which was working at the time of the incident and by being forced caused most of the damage on which this claim is based.

Respondent's motion for judgment on the pleadings is based primarily on the fact that Claimant was either negligent in failing to maintain adequate control over the residents which would constitute negligence on the part of Claimant and that if he was negligent, he cannot recover from his own negligent action.

It is also the State's contention that it was the responsibility of Claimant to prevent the very action of which he now seeks to recover. If an award were granted, it would have to be based upon the fact that the State was negligent in failing to prevent the act in question and would be in fact compensating him for his own failure to perform the duties for which he was hired.

Exhibits, in the form of letters, attached to the complaint state the damage was done by one or more residents of the Center although the identity of the guilty party or parties has never been determined.

An award can be granted in cases such as the present one only when there is negligence on the part of the State and no contributory negligence on the part of Claimant.

The State is only liable where there is some negligence on its part and, as stated above, the State could only have been negligent in the present case by failing to properly supervise the inmate or inmates who caused the damage. To make a finding to that effect would put the State in a position of being an insurer which it is not.

An award cannot be made to an individual working for the State when it is the responsibility of that individual to prevent incidents such as the one on which this claim is based. To hold otherwise would amount to an award based upon contributory negligence of the Claimant.

Motion for judgment on the pleadings is hereby granted and said cause is dismissed.